## 11157

NORWOOD NATIONAL BANK v. LIPSCOMB-HARRISON CO. *ET AL.*

(116 S. E., 589)

1. BILLS AND NOTES—ENFORCEABLE BY HOLDER IN DUE COURSE AS IF FILLED UP IN STRICT ACCORD WITH AUTHORITY GIVEN.—Negotiable Instruments Act, March 4, 1914 (28 Stat., p. 671) § 14, requiring that instruments wanting in material particulars be filled up strictly in accord with the authority given to be enforceable against any persons becoming parties thereto before completion, should be taken in connection with the section declaring such instrument valid for all purposes in the hands of a holder in due course to whom it is negotiated after completion, as if it had been filled up strictly in accord with such authority.

2. ALTERATION OF INSTRUMENTS—EVIDENCE OF INDORSER'S STATEMENTS AS TO FILLING IN BLANKS HELD ADMISSIBLE ON ISSUE AS TO VIOLATION OF INSTRUCTIONS.—In an action on a note, which one of defendants filled out by entering his own name as payee and the date of payment, and indorsed under the names of the others, one of whom alleged that his instructions as to the filling of the blanks were violated, evidence as to the indorser's statements as to filling the blanks *held* admissible as relevant to the issue between him and the defendant from whom he received his instructions.

Before GARY, J., Greenville, February, 1922. Affirmed.

Action by the Norwood National Bank of Greenville against Lipscomb-Harrison Company. From a judgment for plaintiff defendants appeal. From an order setting aside a verdict for one defendant against another the former appeals.

*Messrs. Bonham & Price* and *T. H. Munro,* for J. J. Pringle Smith, appellant, cite: *Purchaser of instrument with unfilled blank is put on inquiry as to authority of person intrusted with it:* 183 Mass., 140; 128 N. W., 659; 1 K. B., 361; 2 K. B., 735.

NOTE: On liability of maker, acceptor, or indorser of commercial paper where blanks therein are filled up contrary to his instructions, see note in 5 B. R. C., 702.

*Messrs. Martin & Blythe,* for Jas. M. Richardson, appellant, cite: *Authority to insert name of payee in blank note:* 109 S. C., 70; L. R. A., 1915B, 144. *Notice of infirmity must have been actual notice:* Sec. 56, Neg. Insts. Act. *Payee not bound to see to application of proceeds:* 115 S. C., 381; 3 R. C. L., 1012. *Where special finding of jury fixes amount of recovery, Court should fix correct amount of finding, when jury's finding is inconsistent:* 94 S. C., 425.

*Messrs. Dean, Cothran & Wyche* for respondent.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a note for $5,500. The Lipscomb-Harrison Company was in financial trouble. It had two places of business, one in Charleston and one in Greenville. Mr. Lipscomb was manager of the Charleston business, and Mr. Harrison was in charge of the Greenville business. Mr. J. J. Pringle Smith held a share of stock and was secretary of the defendant company. Mr. Lipscomb and Mr. Smith sent to Greenville the note in suit, with the name of the payee and date of payment blank. Mr. Richardson, one of the defendants, filled out the note by entering his own name as payee, the date of payment, and indorsed it under the names of the others. Mr. Smith alleges that he gave directions as to the filling of the blanks and the disposition of the money, and these instructions were violated and, therefore, denies his liability. The verdict of the jury was as follows:

"We, the jury, find for the plaintiff in the sum of $5,-500.00 principal and $428.80 interest against the defendants Lipscomb-Harrison Company, J. J. Pringle Smith. T. J. Lipscomb, Jr., F. E. Harrison, Jr., James M. Richardson. We, the jury, find judgment against J. J. Pringle Smith for

half of the money due after credit has been given for money collected from F. E. Harrison, Jr., in favor of J. M. Richardson.                C. P. HENDERSON, Foreman."

I. The first assignment of error we will consider is:

"(7) That the Court erred in charging the jury that the section of the Negotiable Instruments Act which provides that, if an instrument wanting in any material particular shall be enforced against a party thereto prior to its completion, it must be filled up in accordance with the instructions given, should be taken in connection with the following paragraph of said Act."

His Honor, the trial Judge, charged the jury:

"Now, gentlemen, I do not think I can make this plainer than by reading to you the law which our Legislature has laid down to govern a case of this kind. I think you can understand it just as well as the lawyers can, and I think you can understand it just as well as the Court can, and this is the law our Legislature made, and it is the law by which you are to be governed: 'Where the instrument is wanting in any material particular'—that is, such as the amount and date, etc.—'where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount.' He can make the amount any size he pleases if it is left in blank. 'In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time.' Now, that's to be taken in connection with the following section, and, in my judgment, the two sections, when taken together, mean that,

if it is negotiated as a completed instrument, the party to whom it is transferred then has his rights established, but there may be an adjustment between the party who has violated his instructions and the party who delivered it to him. Now, this is the language which follows: 'But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.' Now, I construe that to mean that, if the authority is violated, there may be an accounting between the party to whom it is delivered and the party who delivers it to him as maker and indorser, but if it has been completed and negotiated the rights of the transferee in due course of business may become fixed, even if there is a violation of the instructions by the party."

We see no error here.

II. The next assignment of error to be considered is:

"That the Court erred in charging the jury that there was no testimony of any defects or infirmity in the title to the note sued on, whereas, there was abundant testimony of the same."

In this his Honor was correct.

III. The next assignment of error is that his Honor erred in excluding evidence as to the statements of Richardson as to the filling of the blanks. This evidence was not brought home to the bank and was irrelevant as to the bank, but was relevant as to issue between Richardson and J. J. Pringle Smith, and it was error to exclude it.

The defendant, Richardson, moved for judgment against his co-defendant, J. J. Pringle Smith. This motion was refused. What has been said disposes of the Richardson appeal.

The judgment in favor of the bank against all of the defendants is affirmed. The order of his Honor setting aside the verdict between Richardson and J. J. Pringle Smith is also affirmed.

Mr Chief Justice Gary and Messrs. Justices Watts and Marion concur.